IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA MILANA,

   Plaintiff,

-vs-

DECA FINANCIAL SERVICES, LLC a
foreign limited liability company,

   Defendant.

_____/

CASE NO.:

**<u>JURY TRIAL DEMANDED</u>**

## <u>COMPLAINT</u>

The Plaintiff, MARIA MILANA, sues the Defendant, DECA FINANCIAL SERVICES, LLC and in support thereof respectfully alleges the following:

## <u>JURISDICTION AND VENUE</u>

1.    Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant DECA FINANCIAL SERVICES, LLC, in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*., (hereafter "TCPA").

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction arises under 28 U.S.C. § 1367 for the related state law claims.

3.    The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4.      Plaintiff, MARIA MILANA, is and was at all material times a natural person over the age of eighteen (18), who resides in Pinellas County, Florida.

5.      Plaintiff MARIA MILANA is the regular user, carrier and subscriber of the cellular telephone number at issue, (727) 389-8933, and is the "called party" with respect to the calls placed by the Defendant that give rise to this action, as further described herein. See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014); See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

6.      Defendant DECA FINANCIAL SERVICES, LLC. (hereafter "DECA") was at all material times a foreign limited liability company organized under the laws of the state of Indiana and authorized to transact business in the state of Florida. DECA maintains a registered agent for service of process in Florida, and maintains its principal place of business at 12175 Visionary Way, Fishers, IN 46038-3069.

## PERSONAL JURISDICTION

7.      This Court possesses specific personal jurisdiction over DECA as a result of its acts within this District that violated the TCPA.

8.      DECA maintains sufficient minimum contacts with this District, has purposefully availed itself of the privilege of doing business in this District, maintains a registered agent and principal place of business in Florida, and possesses such a significant and continuous presence in this District such as to be subject to the personal jurisdiction of this Court.

9.      In addition, MILANA's injuries alleged in this action arise from DECA's debt collections activities in Florida, and result from DECA's tortious conduct in performing said

activities within Florida, in violation of the TCPA. DECA directed its conduct to have intended effects within Florida.

## FACTUAL ALLEGATIONS

10.     At all times material hereto, Defendant DECA sought to collect an alleged mortgage loan debt from Plaintiff MARIA MILANA that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

11.     At all times material hereto, Defendant DECA was drying to collect a medical debt incurred by her minor son which Plaintiff did not owe as it covered by Florida's Division of Children's Medical Services.

12.     In or about January of 2013 Defendant, DECA began initiating a campaign of autodialed calls ("robocalls") to Plaintiff's aforementioned cellular telephone number, (727) 389-8933, which continued until 2014, in an effort to collect the above described alleged debt.

13.     Upon answering calls from DECA, Plaintiff repeatedly informed Defendant's representatives that she did not owe the subject medical debt at issue and that it was paid Florida's Division of Children's Medical Services. Plaintiff further instructed OCWEN'S representatives to cease placing calls to his cellular telephone number.

14.     Additionally, Plaintiff repeatedly requested that Defendant's representatives correct the error as the medical debt was being reported on her credit report and adversely affecting her credit worthiness. Despite the fact Plaintiff informed Defendant's representatives of this fact, they continued to call and refused to remove the debt after it had been paid.

15.    Defendant DECA intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including, but not limited to, initiating several robocalls to Plaintiff's cellular telephone during the course of a single day, sometimes within moments after the disconnection of the prior call, and on back to back days, with such frequency as can reasonably be expected to harass the Plaintiff.

16.    Despite Plaintiff's instructions to DECA to stop placing calls to his aforementioned cellular telephone number, Defendant DECA, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, as described herein.

17.    The telephone calls at issue were placed by Defendant DECA using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

18.    That Defendant DECA used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system.

19.    To date, Defendant DECA has placed approximately twenty (20) calls to Plaintiff on her aforementioned cellular telephone number.

20.    Defendant DECA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21.    Alternatively, Defendant DECA initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

22.    Additionally, none of the telephone calls at issue were placed by Defendant DECA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

23.    Defendant DECA consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

24.    Defendant DECA has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

25.    Defendant DECA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

26.    Despite actual knowledge of its wrongdoing, Defendant DECA continued the campaign of harassment and abuse.

27.     Defendant DECA'S corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requests to stop calling.

28.     Defendant DECA'S corporate policy provided no means for the Plaintiff to have his number removed from the call list.

29.     Defendant DECA followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

30.     Defendant DECA has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

31.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## VIOLATION OF THE TCPA AGAINST DECA

32.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein, and further alleges as follows:

33.     None of the calls at issue were placed by Defendant DECA to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34.     Furthermore, Plaintiff revoked any "prior express consent" Defendant DECA had or mistakenly believed it had by verbally instructing Defendant to stop placing calls to his aforementioned cellular telephone number.

35.     Additionally, none of the calls at issue were placed by Defendant DECA to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

36.     Defendant DECA willfully and/or knowingly violated the TCPA with respect to Plaintiff MARIA MILANA by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to discontinue calling Plaintiff, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

37.     The TCPA provides Plaintiff with a private right of action against Defendant DECA for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff MARIA MILANA respectfully demands judgment against Defendant DECA for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366

Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com
Counsel for Plaintiff