UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA MILANA,

    Plaintiff,

v.                        Case No. 8:18-cv-450-T-33TGW

DECA FINANCIAL SERVICES, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Maria Milana's Motion for Default Judgment, filed on July 2, 2018. (Doc. # 19). In the Motion, Plaintiff requests a default judgment against Defendant DECA Financial Services, LLC, in the amount of $30,000, as well as post-judgment interest. (Id.). For the following reasons, the Court grants the Motion to the extent that it directs the Clerk to enter judgment in the amount of $3,000.00.

**I. Background**

On February 23, 2018, Plaintiff filed her Complaint (Doc. # 1) against Defendant, alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227

1

et seq.

Plaintiff alleges that in January 2013, Defendant began using an automated telephone dialing system (ATDS) to call Plaintiff's cellular telephone number, which continued into 2014. (Id. at 3). The calls were placed in an effort to collect a medical debt. (Id.). Plaintiff informed Defendant that the debt was previously paid and requested Defendant correct the error and stop calling her. (Id.). Defendant continued to call Plaintiff using an ATDS, sometimes multiple times a day and on back-to-back days. (Id. at 4). The Complaint alleges Defendant placed about 20 calls to Plaintiff's cell phone throughout the aforementioned period. (Id.).

Plaintiff served Defendant on May 1, 2018, making Defendant's answer due on May 22, 2018. (Doc. # 12). Plaintiff then moved for Clerk's entry of default after Defendant failed to respond to the Complaint or enter an appearance. (Doc. # 15). The Clerk subsequently granted Plaintiff's Motion and entered a default against Defendant on May 29, 2018. (Doc. # 16).

On July 2, 2018, Plaintiff filed the instant Motion for Default Judgment and an affidavit in support. (Doc. #

19; Doc. # 19-1). Because Plaintiff did not specify dates in her affidavit or provide call logs, the Court directed Plaintiff to provide additional information concerning which calls took place within the four-year statute of limitations period.[1] (Doc. # 20).

On July 27, 2018, Plaintiff filed a supplemental affidavit attesting that she contemporaneously took notes recording some calls she received from Defendant. (Doc. # 24-1). Based on these notes, Plaintiff avers in her affidavit that she received calls on the following dates:

>    January 18, 2013 (one call)
>    January 21, 2013 (two calls)
>    March 8, 2013 (four calls)
>    March 11, 2013 (two calls)
>    March 13, 2013 (three calls)
>    March 14, 2013 (three calls)
>    March 15, 2013 (two calls)
>    March 18, 2013 (two calls)
>    August 31, 2013 (two calls)
>    September 4, 2013 (two calls)
>    January 22, 2014 (one call)
>    January 26, 2014 (one call)
>    February 25, 2014 (two calls)

(Id.).

---

[1] TCPA claims may not be commenced later than four years after the cause of action accrues. See 28 U.S.C. 1658(a).

II. **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirectTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

III. **Analysis**

  A. **Liability under the TCPA**

Plaintiff seeks an entry of default judgment against

Defendant for using an ATDS to call her on several occasions, without her consent, in violation of the TCPA. (Doc. # 19).

The TCPA prohibits the use of an ATDS or pre-recorded messages to contact individuals for non-emergency reasons within the United States. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . .
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

Id. The elements of a TCPA claim are: "(1) that the defendant called the plaintiff's cellular telephone; (2) using an ATDS; (3) without the plaintiff's prior express consent." Wagner v. CLC Resorts and Dev., Inc., 32 F. Supp. 3d 1193, 1195 (M.D. Fla. 2014)(citing Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012)).

However, TCPA claims are subject to a four-year statute of limitations period. Coniglio v. Bank of America, Na, 638

F. App'x 972, 974 n.1 (11th Cir. 2016)(citing 28 U.S.C. § 1658(a)). And the Eleventh Circuit has recognized that courts may raise the applicable statute of limitations when considering motions for default judgment. See Stegeman v. Georgia, 90 F. App'x 320, 323 (11th Cir. 2008)(affirming denial of default judgment where claim was time-barred, despite the defendant's failure to respond to the complaint).

Here, Plaintiff attests that Defendant called her cell phone several times between January 18, 2013 and February 25, 2014 using an ATDS. (Doc. # 1 at 3). Around January 2013, Plaintiff advised Defendant that she paid the debt and asked for the calls to stop, thus revoking any prior express consent that may have existed. (Id.). Plaintiff also attests that none of the calls at issue were placed for "emergency purposes" as permitted by 47 U.S.C. § 227(b)(1)(A). (Id. at 5).

Plaintiff's allegations sufficiently demonstrate that Defendant violated the TCPA by calling Plaintiff's cell phone using an ATDS without her consent. (Id. at 4). But, the TCPA bars her claims for calls received outside the statute of limitations period. In accordance with 28 U.S.C. § 1658(a), Plaintiff may only recover for the calls received within four years of filing her lawsuit. Because Plaintiff commenced this action on February 23, 2018, Plaintiff may only recover for

calls placed between February 23, 2014 and February 23, 2018. Of the calls listed in her supplemental affidavit, only the two calls made on February 25, 2014 fall within the statute of limitations. (Doc. # 24-1). Accordingly, the Court determines that the Motion for Default Judgment should be granted as to the two calls Defendant placed to Plaintiff on February 25, 2014.

**B. Damages under the TCPA**

The TCPA provides that:

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State . . .

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . .

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph . . .

47 U.S.C. § 227 (b)(3)(B)-(C).

Courts grant treble damages when the defendant "willfully or knowingly" violates the TCPA. Id. For a TCPA violation to be willful or knowing, the defendant must have known that its

7

conduct violated the statute. <u>Lary v. Trinity Physician Fin. & Ins. Servs.</u>, 780 F.3d 1101, 1107 (11th Cir. 2015). Courts generally require the plaintiff to demonstrate that the defendant knew it did not have consent to call the plaintiff's cell phone. <u>McBeth v. Credit Prot. Ass'n</u>, No. 8:14-cv-606-T-36AEP, 2015 WL 4429324, at *3 (M.D. Fla. 2015)(citing <u>Harris v. World Fin. Network Nat'l Bank</u>, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012)).

Here, Plaintiff requests treble damages in the amount of $30,000.00 because of Defendant's knowing and willful TCPA violations. (Doc. # 19 at 10). Plaintiff alleged in her Complaint that she revoked consent for Defendant to contact her cell phone around January 2013. (Doc. # 1 at 3). Because Defendant continued to call Plaintiff despite her objections, Plaintiff argues that Defendant willfully and knowingly violated the TCPA, and requests $1,500.00 per call as permitted by 47 U.S.C. § 227(b)(3)(C). (Doc. # 19 at 10).

Excluding the calls that are time-barred, the Court finds it appropriate to award treble damages for the two calls received on February 25, 2014. (Doc. # 24-1). Plaintiff has properly alleged in her supplemental affidavit that Defendant called her twice on February 25, 2014, after she revoked consent in January 2013. (Doc. # 24-1). Considering that

Plaintiff previously instructed Defendant to stop calling her, Defendant willfully and knowingly made these calls without consent in violation of the TCPA. Therefore, Plaintiff's damages are $3,000.00 — $1,500.00 per call for the two calls on February 25, 2014.

The Court grants the Motion and directs the Clerk to enter default judgment in favor of Plaintiff and against Defendant in the amount of $3,000.00.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Maria Milana's Motion for Default Judgment (Doc. # 19) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of Plaintiff in the amount of $3,000.00.

(3) After entry of judgment, the Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of July, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE